IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PATRICIA A. COFFELT, | ) | Civil No. 06-1078-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Phyllis J. Burke
4370 N.E. Halsey Street
Portland, OR  97213

Andrea L. Cardon
Attorney at Law
300 W. Myrtle, Suite 100
Boise, ID  83702

 Attorneys for Plaintiff

      David R. Johnson
      Michael McGaughran
      SOCIAL SECURITY ADMINISTRATION
      Office of the General Counsel
      701 Fifth Avenue
      Suite 2900, M/S 901
      Seattle, WA  98104

      Neil J. Evans
      UNITED STATES ATTORNEY'S OFFICE
      1000 S.W. Third Avenue, Suite 600
      Portland, OR  97204-2902

        Attorneys for Defendant

JONES, Judge:

      Claimant Patricia Coffelt seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. See 42 U.S.C. §§ 401-33. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g). Following a careful review of the record, the court concludes that the Commissioner's decision contains error and must be remanded for further proceedings.

## ADMINISTRATIVE HISTORY

      Claimant filed an application for DIB on June 6, 2003, alleging disability as of July 27, 2001. Tr. 51-53. The application was denied initially and on reconsideration. Tr. 34-40, 42-44. Claimant timely filed a request for a hearing, which was held before an Administrative Law Judge ("ALJ") on July 22, 2005. Tr. 45. Claimant, represented by an attorney, appeared and testified, as did her husband and a vocational expert ("VE"). Tr. 229-72.

On September 20, 2005, the ALJ issued a decision finding claimant not disabled and denying benefits. Tr. 18-24. The ALJ's decision became the final decision of the Commissioner on April 10, 2006, when the Appeals Council declined claimant's request for review. Tr. 7-10.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ first determined that claimant met the nondisability requirements for a period of disability and DIB, and was insured for benefits through the date of his decision. Tr. 23. Although evidence established that claimant worked at substantial gainful activity after her alleged onset date, the ALJ "[gave] the claimant the greatest benefit of the doubt" (Tr. 19) and continued with the five-step "sequential evaluation" process to assess claimant's disability, as required. See 20 C.F.R. § 404.1520.

At step one, the ALJ determined that claimant has not engaged in substantial gainful activity since her alleged onset date of July 27, 2001. In the second step, the ALJ found that claimant suffers from the following severe impairments: intestinal prolapse, vaginal vault, post

3 - OPINION AND ORDER

hysterectomy, sudden rupture apex, and mild spinal stenosis. Tr. 20. The ALJ determined that although severe, claimant's impairments, either singly or in combination, do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 23.

In the next step, the ALJ found claimant to have the following residual functional capacity:

> to lift twenty pounds occasionally and ten pounds frequently. She can sit for up to six hours and stand/walk for two or more hours in an eight hour day. The claimant must have the opportunity to alternate sitting and standing. She is limited to frequent climbing and balancing with stooping, kneeling, crouching, and crawling limited to occasional. The claimant must avoid even moderate exposure to vibration and avoid concentrated exposure to hazards.

Tr. 23. In making this determination, the ALJ found claimant's testimony concerning her pain and limitations to not be fully credible.

Based on the testimony of the VE, at step four the ALJ determined that claimant's past relevant work as an information clerk did not require her to perform work-related activities precluded by her residual functioning capacity. Tr. 24. Accordingly, the ALJ found that claimant was not under a disability within the meaning of the Social Security Act at any time through September 20, 2005, and denied her application for benefits.

STATEMENT OF FACTS

Claimant was born on February 7, 1954; thus she was forty-seven years old on July 27, 2001, the onset date of her alleged disability. Tr. 233. Coffelt completed high school and two years of college, and took courses in basic computer and office skills. Tr. 234, 256. Her past work experience includes employment as a waitress, restaurant owner/cook, fast food worker, and information clerk.

The parties are familiar with the medical and other evidence of record; therefore, I will not recite the evidence except as necessary to explain my decision.

## DISCUSSION

In her challenge to the ALJ's decision, claimant makes two arguments: (1) that ALJ improperly rejected her testimony; and (2) that the ALJ improperly rejected important lay evidence.

1.  <u>The ALJ's Determination of Claimant's Credibility</u>

The medical evidence in this case is skimpy. It does, however, support the ALJ's finding that claimant has severe impairments in the form of intestinal prolapse, vaginal vault, post-hysterectomy, sudden rupture apex and mild spinal stenosis, all of which could be expected to cause some level of pain. There is an absence of affirmative evidence that claimant is malingering; therefore, the ALJ was required to give clear and convincing reasons for rejecting her excess pain testimony. <u>See, e.g.</u>, <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ articulated the following reasons for discrediting claimant's pain testimony:

> I do not find [claimant's] testimony to be fully credible. While the claimant alleges that she has pain from seven to nine on a ten point scale, she has stopped all pain medications. [Claimant] alleges that she stopped the pain medications because of cost but her husband says it was because of fear of addiction. Further, I note that he [husband] has earnings of $11 per hour, a retirement of almost $1000, and insurance coverage.
>
> Contrary to her allegation that she was going to stop working for the police department even if the job had not ended because of fiscal issues, the claimant acknowledges that her job performance was satisfactory and she was told that if the department had the funds she would be continued as an employee. Finally, I note that the claimant's treating physician finds her able to do sedentary type work.

Tr. 22.

5 - OPINION AND ORDER

On the present record, the ALJ's reasons do not rise to the level of "clear and convincing." Claimant did not testify that she had stopped all pain medication, only the prescription medication:

> Q    Do you take any medication for the pain?
>
> A    I take ibuprofen four times a day at least, sometimes more.

Tr. 238. With respect to her three-month job with the police department, the ALJ correctly noted claimant's testimony that her performance was satisfactory and that she had been told that if funds were available, she would be continued as an employee, but the ALJ ignored the follow-up testimony elicited by claimant's counsel:

> Q    Patty could you have continued to do that job after the three months?
>
> A    No, because going up and down the stairs was getting too hard.
>
> Q    What about the filing?
>
> A    The filing, their boxes were in great big cardboard boxes and stuff and I had to lift those off the shelves and I couldn't keep doing it.

Tr. 255. Finally, that claimant's treating physician "finds her able to do sedentary type work" is not inconsistent with claimant's complaints of pain, and in any event, what the physician actually said was:

> I sincerely feel that if she had some type of desk job she could do, that would work out for her. If that is not within her capability, then I am afraid she is almost permanently disabled because the lifting, pushing, and being on her feet for prolonged periods of time does lead to her having discomfort in the vaginal lower pelvic areas.

Tr. 185.

The ALJ did not consider other factors in making his credibility determination. Certainly, an ALJ is not required to believe what he or she considers to be excessive complaints

6 - OPINION AND ORDER

of pain, but the ALJ is required to give an appropriate rationale for rejecting pain testimony. In this case, the ALJ's rationale for rejecting claimant's testimony is insufficient.

2. <u>The ALJ's Treatment of Lay Testimony</u>

Claimant asserts that the ALJ improperly disregarded the testimony of her husband, Orval Coffelt. To the contrary, the ALJ summarized his testimony and appears to have accepted it at face value. The ALJ wrote:

> Orval Coffelt, the claimant's husband appeared and testified. He alleges that before her injury in July of 2001 his wife went "non-stop." Now, he alleges that she is moody and depressed with poor memory. She spends most of the day (especially on bad days) on the couch and doesn't leave the house. Mr. Coffelt testified that his wife stopped pain medications because of fear of addiction. He works as a service manager and is retired from the Air Force with a pension. They are covered by insurance that pays seventy percent of charges.

Tr. 22. Claimant does not explain what portion of Mr. Coffelt's testimony the ALJ ignored or how, if the ALJ had credited that testimony, the outcome might have differed. Claimant's argument with respect to the ALJ's treatment of lay testimony is not persuasive, and I find no error.

3. <u>Remedy</u>

The ALJ's error in determining claimant's credibility requires remand. In my discretion, I agree with the Commissioner that remand for further proceedings, not for an award of benefits, is appropriate. See <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987). The vocational testimony was confusing, and because the VE testified that claimant could return to her past relevant work, the Commissioner never undertook to prove that claimant could, considering all her limitations, perform other work in the national economy. Consequently, the record is not

complete and outstanding issues must be resolved before a proper disability determination can be made. Therefore, I remand this case for further proceedings.

## CONCLUSION

The decision of the Commissioner denying benefits is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED this 20th day of September, 2007.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

8 - OPINION AND ORDER